IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

REINA ANGELINA CHAVEZ LOPEZ,

Petitioner,

vs.

DAKOTA COUNTY CORRECTIONS, Jail Administrator; ICE ST. PAUL FIELD OFFICE, and FIELD OFFICE DIRECTOR,

Respondents.

**8:26CV638**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Reina Angelina Chavez Lopez's Petition for Writ of Habeas Corpus. Filing No. 1. She argues she is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 3 at 3. She entered the United States without inspection on October 15, 2019, and was apprehended by Respondents. Filing No. 6 at 3. Under the then-operative Migrant Protection Protocol, Petitioner was ordered to Mexico to await her removal proceedings. On July 10, 2021, Petitioner was apprehended attempting to enter the United States without inspection and was processed and released into the United States. Filing No. 6 at 3.

In May 2023, Petitioner filed an application for asylum. Filing No. 6 at 4. On September 21, 2023, Petitioner was convicted of operating while under the influence, first offense, in O'Brien County, Iowa and sentenced to 180 days. Filing No. 6 at 4. On June 24, 2024, Petitioner was convicted of operating while under the influence, second offense,

in O'Brien County, Iowa, and sentenced to 364 days. Filing No. 6 at 4. On May 27, 2026, Petitioner was convicted of assault on persons in certain occupations and sentenced to 14 days in O'Brien County, Iowa. Filing No. 6 at 4. ICE lodged a detainer, and Petitioner was released to ICE custody on May 21, 2026. Filing No. 6 at 4.

On August 10, 2026, an immigration judge ordered Petitioner removed to Guatemala or, in the alternative, Mexico. Filing No. 6 at 4. On September 10, 2026, Petitioner appealed that decision to the BIA, which appeal remains pending. Filing No. 6 at 4.

Petitioner remains detained in the Dakota County, Nebraska, jail pending the outcome of her appeal to the BIA. She has filed for a writ of habeas corpus and seeks her immediate release or a bond hearing.

## II. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court

of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on her own recognizance in 2019, the government necessarily invoked 8 U.S.C. § 1226.[1] Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(A)[2] rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty.*

---

[1] Respondents assert Petitioner "was not released on her own recognizance, as stated in her Petition. . . . Instead, she was simply released." Filing No. 4 at 5. But they concede "[f]unctionally, the two are the same." Filing No. 4 at 5.

[2] Respondents assert § 1225(b)(2)(A) as the sole justification for Petitioner's detention and do not claim her criminal history requires her detention.

*Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner on her own recognizance. Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert), the order releasing her on her own recognizance remains operative. This is so even though an immigration judge has ordered Petitioner removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a) (order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals). Should Petitioner's removal become administratively final, she will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").

Should Respondents choose to attempt to re-detain Petitioner, they must afford her a bond hearing wherein the burden is on the government to demonstrate she poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond or

conditions, Respondents must explain what has changed about Petitioner's circumstances so as to justify her detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that her detention without the opportunity for a bond violates her due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on her own recognizance as previously ordered and without additional conditions.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Should Respondents seek to re-detain Petitioner, they must afford her a prompt bond determination hearing as described herein.
5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on November 23, 2026.**

Dated this 12th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge